## IVINSON v. HUTTON.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF WYO-
MING.

Argued December 2, 1886. — Decided January 10, 1887.

On a finding in the court below (1) that certain parol testimony is inadmissi-
ble because it tends to vary, explain, contradict or qualify a written
instrument discharging a mortgage; and (2) that if admitted it was not
sufficient to prove any qualification or modification of the discharge, —
it is immaterial in this court whether the court below was right in
holding that the exception taken there to the parol evidence was error.

This was a suit to foreclose a mortgage. The case is stated
in the opinion of the court.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson* for
appellant.

*Mr. W. W. Corlett* for appellees.

MR. JUSTICE MILLER delivered the opinion of the court.

This is an appeal from the Supreme Court of the Territory
of Wyoming. The suit was brought by Edward Ivinson, the
appellant, in the District Court of the Second Judicial District
of that Territory, to foreclose a mortgage on certain real estate,
made to him by Charles H. Hutton. To the bill Joseph M.
Carey and R. Davis Carey are made defendants, upon an alle-
gation that they claim some interest in the property. The
defendants made a joint answer, in which they all set up a full
release of the mortgage and satisfaction of the debt by Ivinson
before the defendants Carey obtained their interest in the
property; and whether this be true or not is the only point in
the case.

It is not denied that when the defendants, the Careys, were
about to let Hutton have ten thousand dollars on this land, and
take absolute deeds of conveyance for it, they required that

the title to it should be made clear and relieved of Ivinson's mortgage. Thereupon Ivinson made an entry on the margin of the record of the mortgage, as follows:

"I hereby acknowledge satisfaction in full of the debt for which this mortgage was given to secure, and hereby discharge and cancel the same, this sixth day of October, 1877.

"E. IVINSON.

"Attest: J. W. MELDRUM, *Register of Deeds.*"

The Supreme Court of the Territory, from which this appeal is taken, made a finding of facts by which we are to be governed in the decision of this appeal. From this finding it appears that in April, 1873, Hutton made his promissory note to Edward Ivinson for $13,582.54, with interest, and that on the same day he executed the mortgage which is the foundation of this foreclosure suit to secure the payment of the note. Subsequent to this, Ivinson asserted that a mistake had been made in computing the balance due him in the settlement on which the note and mortgage were given, and that they should have been for $17,618.66, instead of the sum actually put in the mortgage and note, making a difference of $4036.12. Ivinson brought a suit to correct this mistake, which finally came to the Supreme Court of the United States, where he prevailed, obtaining a decree for the correction of the mistake in the note and mortgage. These proceedings lasted from August, 1873, to March, 1879.

Pending this controversy, however, Ivinson and Hutton made a written agreement to adjust their differences, other than this controversy, but it was expressly agreed that the controversy, then pending in this court, was left out of the settlement by the following language: "Provided always, that nothing herein contained shall be construed in any wise to affect the rights of the parties hereto in said suit between them now depending in the Supreme Court of the United States."

This agreement was made on the 31st of May, 1877, and is marked Exhibit D in the record before us. On the 6th day of October, 1877, Ivinson, Hutton, and Joseph M. Carey were at

the court-house in Laramie City, for the purpose of concluding a loan of ten thousand dollars, which Carey was about to make on behalf of himself and brother to Hutton, to enable him to pay his debts, including a judgment in favor of Creighton against Ivinson and Hutton, amounting to nearly six thousand dollars. This loan was to be secured by real estate, part of which was covered by Ivinson's mortgage. Before paying over the money to Hutton, Carey required of Ivinson and Hutton, that Hutton's property should be released from all incumbrances, and Ivinson entered on the margin of the record of his mortgage the discharge which we have already transcribed.

The court then further finds as follows:

"That said discharge was not made in accordance or in pursuance of the agreement of the 31st of May, A.D. 1877, above recited, marked Exhibit D, but was an absolute, unqualified release and cancellation of the mortgage. The court further finds that the value of the property mortgaged was not less than twenty thousand dollars.

"4th. On the trial of the case in the District Court the testimony of eight witnesses, to wit: Edward Ivinson, M. C. Brown, J. M. Carey, Charles H. Hutton, Stephen W. Downey, Walter Sinclair, H. B. Rumsey, and J. W. Blake, which had been taken before J. W. Meldrum, master in chancery, was read in evidence. To so much of said evidence as was intended to vary, explain, or contradict or qualify the entry of the discharge on the margin of the record of the mortgage by Ivinson the defendant excepted as incompetent. This court holds that said exception was well taken, and that parol evidence was not competent for that purpose or to prove that the discharge was made in accordance with Exhibit D.

"5th. But the court further holds, that if said parol testimony was properly admitted for said purpose, that it is not sufficient, that it does not prove any qualification or modification of the discharge as entered on the record, nor that said discharge was made in accordance with the agreement of the 31st of May, marked Exhibit D.

"6th. This court makes no finding upon the question

whether the $4036.12 was paid by Hutton at the time of the discharge of the mortgage or at any other time, holding the decision of that question unnecessary to the determination of this suit."

On these findings the bill of complaint of Ivinson was dismissed. The conveyances of the property in controversy, which were made by Hutton to the Careys, are absolute deeds on their face, and both the Careys and Hutton insisted in their answer that the note and mortgage were absolutely discharged and satisfied according to the terms of the indorsement made by Ivinson on the record of the mortgage. This is, also the finding of the Supreme Court of the Territory. The argument used in opposition to this is, that the Supreme Court and the court below erred in rejecting the evidence mentioned in the fourth finding of fact, and it is insisted that because of the error in this respect the entire decree should be reversed. But, in point of fact, this testimony was read in evidence in the lower court, notwithstanding the objection of the plaintiff, and was considered for what it may possibly be worth also in the Supreme Court; for that court, in its fifth finding, says, that, if said testimony was properly admitted for the purpose claimed, it is not sufficient, and does not prove any qualification or modification of the discharge as entered on the record, nor that said discharge was made subject to the agreement of the 31st of May, marked Exhibit D. It will be seen that the controversy mainly hinged upon the question whether the discharge on the margin of the record of the mortgage made by Ivinson was made subject to this written agreement with Hutton, namely, that the controversy concerning the $4036.12 involved in the suit then pending in the United States Supreme Court was excepted out of the adjustment of their differences, evidenced by Exhibit D, and that this question should be governed by the final decision of that suit.

On this issue the court distinctly finds, that said discharge was not made in accordance with or in pursuance of that agreement, but was an absolute and unqualified release and cancellation of the mortgage, and that, if said parol testimony was properly admitted, it does not prove that the discharge

was made in accordance with the agreement above referred to. It is, therefore, entirely immaterial whether the Supreme Court was right in holding that the exception to the parol evidence taken in the court below was error, since it further holds that, giving full effect to that evidence, it does not prove anything to impeach the force and effect of the language of the discharge and release of the mortgage and note.

.. We do not think that, on the finding of facts made by the Supreme Court, there is any doubt of the correctness of its final decree, and it is, therefore,

*Affirmed.*